820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rocky Lee COKER, et al., Plaintiffs-Appellants,
v.
Lamar ALEXANDER, Stephen H. Norris, Tony Young and Michael
Dutton, Defendants-Appellees.
 No. 86-5749.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1987.
 
 1
 Before KRUPANSKY, NELSON and RYAN Circuit Judges.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record,, this panel agrees unanimously that oral argument is not needed. Rule 9(b), Rules of the Sixth Circuit.
 
 
 3
 In this pro se prisoner action brought pursuant to 42 U.S.C. Sec. 1983 for monetary and injunctive relief, plaintiffs assert that numerous conditions at their death-row prison facility constitute violations of the eighth amendment. The magistrate recommended dismissing the action in order that plaintiffs may pursue their claims in the on-going civil rights class action, Groseclose v. Dutton, 609 F.Supp. 1432 (D.C.Tenn.1985). Upon consideration of the magistrate's report and plaintiff's objections thereto, the district court ordered the dismissal of plaintiff's action without prejudice and the forwarding of the order of dismissal to the district judge who is administering the remedial relief in the on-going class action. Plaintiffs have appealed and have filed briefs addressing the dismissal.
 
 
 4
 A review of the record indicates that plaintiffs are members of the class certified in Groseclose which sought only injunctive relief. The appeal of Groseclose v. Dutton is currently pending in this Court as Case No. 86-5448. Renewal of plaintiffs' action after resolution of the appeal would be better addressed to the same district judge who has determined that the prison conditions violate plaintiffs' Eighth Amendment rights. Johnson v. McKaskle, 727 F.2d 498, 501 (5th Cir.1984); Goff v. Menke, 672 F.2d 702, 704 (8th Cir.1982); see also In re Jackson Lockdown/MCO, 568 F.Supp. 869, 889, 891 n. 4 (M.D.Mich.1983). The court dismissed plaintiffs' complaint without prejudice in order that plaintiffs may bring their damage claims before the same judge who has decided plaintiffs' class action suit. Therefore, the district court did not abuse its discretion in ordering the dismissal.
 
 
 5
 Accordingly, we affirm the district court's order without prejudice to plaintiffs' refiling a future complaint pursuant to Rule 9(b), Rules of the Sixth Circuit.